133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David BUCK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-56176.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 3, 1997.
Decided Jan. 8, 1998.
 
 Before: HALL, BRUNETTI, RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Buck appeals the district court's grant of summary judgment in favor of the United States in his action seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for injuries he sustained while skiing on land owned by the United States and operated as a ski resort pursuant to a special use permit issued to Mt. Baldy Ski Lifts, Inc. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 I.
 
 3
 The applicable standard of review of the district court's grant of summary judgment is de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 
 4
 Under the FTCA, the United States can only be liable if a private individual would be liable under the same circumstances. 28 U.S.C. § 1346(b). However, where, as here, a private individual does not normally perform the activity that forms the basis of the liability claim, the appropriate analysis is to determine whether state law would attach liability to a public entity for similar actions. Hines v. United States, 60 F.3d 1442 (9th Cir.1995). As Buck's injury occurred in California, we apply California law to reach this determination. 28 U.S.C. § 1346(b).
 
 II.
 
 5
 California law holds a public entity liable for injury only when it fails to discharge "a mandatory duty imposed by an enactment that is designed to protect against the risks of a particular kind of injury." Hines, 60 F.3d at 1448 (internal citations omitted). The California Government Code defines "enactment" to mean a constitutional provision, statute, charter provision, ordinance, or regulation. Cal. Gov't.Code § 810.6 (West 1995). Thus, absent an enactment, there is no binding duty upon the United States.
 
 
 6
 Appellant argues that the U.S. Forest Service Manual, the Operations Plan, and the Monitoring Plan are enactments under California law. Appellant is incorrect.
 
 
 7
 Ninth Circuit case law explicitly states that the Forest Service Manual does not have the legal force and effect to bind the United States. In Western Radio Services Co. v. Espy, 79 F.3d 896 (9th Cir.1996), in the context of a claim challenging the issuance of a building permit as violating rules mandated by the Forest Service Manual and Forest Service Handbook, we ruled that the Forest Service Manual and Handbook did not have legal effect and force to bind the United States government. Id. at 901. We reasoned that the manual and handbook were not regulations because they were not prepared pursuant to the requirements of the Administrative Procedure Act ("APA") and because they were not published in the Code of Federal Regulations or the Federal Register. Id. Additionally, we noted that the documents were guidelines, not substantive rules, and thus did not create mandatory duties upon which the government could be liable. Id. "To have the 'force and effect of law,' enforceable against an agency in federal court, the agency pronouncement must (1) prescribe substantive rules--not interpretive rules, general statements of policy or rules of agency organization, procedure or practice and, (2) conform to certain procedural requirements." United States v. Fifty-Three Eclectus Parrots, 685 F.2d 1131, 1136 (9th Cir.1982). Accordingly, the Forest Service Manual provision relied on by Buck cannot produce liability for the United States.
 
 
 8
 Similarly, internal guidelines do not create actionable duties on the part of the United States. In Thompson v. United States, 592 F.2d 1104 (9th Cir.1979), a case factually analogous to the present action, the plaintiff brought suit against the government under the FTCA for injuries sustained as a participant in a motorcycle race held on federal land under a permit issued to the Sportsman Racing Association by the Bureau of Land Management. In Thompson, we ruled that the government safety manual and internal guidelines requiring safety inspections of a permittee did not create an actionable duty. Id. at 1110. Although Thompson is factually distinguishable in that the government did not conduct any safety inspections, the fact that the snow ranger in this case had conducted safety inspections in the past at Mt. Baldy does not change the legal effect of internal guidelines. No actionable duty is created.
 
 
 9
 In instant action, neither the Operation Plan nor the Monitoring Plan were promulgated in accordance with the APA. Nor were they published in the Code of Federal Regulations or Federal Register. Moreover, the Monitoring Plan expressly states that the plan is to be used as a "guideline."
 
 
 10
 Accordingly, the district court was correct in concluding that the Operations Plan, the Monitoring Plan, and the Forest Service Manual do not create substantive rules with the force and effect of law upon which the government could be liable.
 
 III.
 
 11
 Appellant alternatively argues that the United States assumed a good samaritan duty. The Restatement Second of Torts, section 323, states that a good samaritan duty exists only if a plaintiff can show that (a) the defendant's failure to exercise care increased the risk of such harm to the plaintiff, or (b) the harm was suffered because of the plaintiff's reliance upon the defendant's voluntary undertaking. Rest.2d Torts, § 323 (1963-1964 Main Vol.). Ninth Circuit precedent forecloses a finding good samaritan liability on either prong.
 
 
 12
 As to the first prong, the United States did not increase the risk of harm faced by the appellant. Failure to comply with a monitoring plan does not increase the risk of harm faced by a plaintiff and hence cannot be the source of good samaritan duty. Cameron v. Janssen Bros. Nurseries, Ltd., 7 F.3d 821 (9th Cir.1993) (failure to comply with U.S. Dept. of Agriculture's internal manual requiring the Dept. of Agriculture to monitor the codefendant's fumigation of the plaintiff's plants did not increase harm to plaintiff).
 
 
 13
 Likewise, the United States did not assume a good samaritan duty in this case. Under the terms of the permit issued to Mt. Baldy, the permittee was responsible for protecting the public. The Forest Service's alleged failure to comply with its safety plans did not increase risk to the appellant. Additionally, the appellant has not alleged that he had any contact with the snow ranger, or even know of the existence of a snow ranger, on the day of his injury.
 
 
 14
 The Thompson case further supports our finding that the United States did not assume a good samaritan duty. In Thompson the court identified several reasons why internal guidelines for monitoring a permittee did not create a good samaritan duty. Specifically, the Bureau of Land Management did not supervise the motorcycle race in which the plaintiff was injured; the documents showed that the permittee was responsible for public safety; and no member of the public relied upon the Bureau of Land Management to monitor the race. Id. at 1109-10. In the case at bar, the Forest Service did not supervise permittee ski resort; permittee ski resort was responsible for public safety; and Buck did not rely on the snow ranger to monitor the ski slopes.
 
 
 15
 Appellant argues that he was put at increased risk because of insufficient boundary signs. This argument is unpersuasive. The United Stated did not have a duty to place boundary signs, it simply had the right to monitor the ski resort. Had the United States somehow tampered with or removed boundary signs, it could be said that the United States increased appellant's risk. On the facts of this case, however, the United States did not increase the risk to the appellant.
 
 
 16
 As to the second prong of good samaritan duty, it is not satisfied as the appellant did not rely upon any voluntary undertaking by the United States. The voluntary undertaking prong is akin to detrimental reliance. It applies when the plaintiff relied on some action started by the government, but not completed or done negligently. As the California Supreme Court explains, good samaritan duty is denied "where the [defendant] had not induced reliance on a promise, express or implied, that they would provide protection." Williams v. State, 34 Cal.3d 18, 25 (1983) (no good samaritan duty where a police officer stops at the scene of an accident and negligently failed to inspect the object causing the accident, failed to identify witnesses, and failed to identify the tortfeasor). The California Supreme Court did note that a special relationship could create good samaritan liability "when the conduct of a [defendant], in a situation of dependency, results in detrimental reliance on him for protection. Id.
 
 
 17
 The record shows that the United States did not induce reliance by appellant. Although the United States had monitored the area in the past, appellant did not even know that the Forest Service had any safety plans applicable to the area.
 
 IV.
 
 18
 The district court's determination that the government had no duty as a matter of law in this case was correct. The district court correctly concluded that the Monitoring Plan, Operation Plan, and Forest Service Manual had to be enactments for such provisions to establish a duty upon the United States. These documents do not meet California's statutory definition of enactment. Similarly, the district court was correct in concluding that no good samaritan duty existed. The United States did not increase the risk to appellant and did not create a detrimental reliance situation.
 
 
 19
 The district court's grant of summary judgment for the United States is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3